United States District Court

District of New Jersey

SIMON CHIKHLADZE,
Plaintiff,

v.

KINGDOM OF DENMARK;
REPUBLIC OF AZERBAIJAN;
GOVERNMENT OF GEORGIA;
DOES 1–10,
Defendants.

Case No. _____

COMPLAINT FOR

(1) ARBITRARY DETENTION — CONTINUING TORT;
(2) ASSAULT BY THREAT;
(3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;
(4) ABUSE OF PROCESS;
(5) INVASION OF PRIVACY — TRANSNATIONAL;
(6) CIVIL CONSPIRACY / AIDING & ABETTING; AND
(7) DECLARATORY & INJUNCTIVE RELIEF

JURY TRIAL DEMANDED

Plaintiff Simon Chikhladze, appearing pro se and verifying the truth of the allegations below, sues Defendants and alleges as follows:

I. INTRODUCTION

1. This action seeks redress for an ongoing, trans-national campaign of arbitrary detention, intimidation, electronic surveillance, and abuse of sovereign processes orchestrated by agents of the Kingdom of Denmark, the Republic of Azerbaijan, and the Government of Georgia, acting in concert with unidentified private operatives (Does 1–10).

2. Each claim sounds in classic common-law torts cognizable under federal common law. Nothing in the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq.*, shields individual officials sued in their personal capacities, *Samantar v. Yousuf*, 560 U.S. 305 (2010), nor bars declaratory or injunctive relief against the sovereign Defendants under applicable statutory exceptions.

3. The tortious course of conduct began abroad but constitutes a continuing tort that repeatedly manifests through U.S.-based instrumentalities, including U.S. carriers, code-share partners, and U.S. consular and immigration processes, producing foreseeable effects in the United States and injuring Plaintiff's liberty, property, and legal status.

II. JURISDICTION & VENUE

4. This Court has subject-matter jurisdiction under the Alien Tort Statute, 28 U.S.C. § 1350, for violations of universally accepted and obligatory norms of international law, including prolonged arbitrary detention and de facto refoulement.

5. This Court has jurisdiction under 28 U.S.C. § 1331, as the claims arise under federal common law governing foreign official immunity, trans-border torts, and international law norms enforceable in U.S. courts.

6. Sovereign immunity is abrogated under 28 U.S.C. § 1605(a)(5) for non-discretionary tortious acts forming a continuing course of conduct that foreseeably caused personal injury and property loss within the United States, including interference with U.S. carriers and U.S. immigration and travel interests.

7. Sovereign immunity is further abrogated under 28 U.S.C. § 1605(a)(3) for abuse of sovereign and quasi-sovereign mechanisms, including INTERPOL channels, for non-commercial, retaliatory purposes.

8. Personal jurisdiction over individual Defendants is consistent with international due process because each purposefully directed or knowingly acquiesced in conduct intended to prevent Plaintiff's entry into, and interaction with, the United States, causing foreseeable harm in this forum. *Walden v. Fiore*, 571 U.S. 277 (2014).

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(f)(4) because Defendants are foreign states or foreign instrumentalities, Plaintiff resides abroad, and the continuing effects of Defendants' conduct are directed toward the United States. Under § 1391(f)(4), venue is therefore proper in any judicial district.

III. PARTIES

10. Plaintiff Simon Chikhladze is a Georgia citizen last lawfully admitted to the United States on December 3, 1995, and is presently stranded in Tbilisi, Georgia due to Defendants' watch-listing and no-fly actions.

11. Defendant Kingdom of Denmark is a foreign sovereign whose Immigration Service (Udlændingestyrelsen), Police Intelligence Service (PET), and Royal Danish Embassy acted in concert to exclude, interrogate, and disseminate derogatory data concerning Plaintiff.
Service may be effected pursuant to 28 U.S.C. § 1608 at: Ministry of Justice, Slotholmsgade 10, 1216 Copenhagen K, Denmark, or through the Ministry of Foreign Affairs.

12. Defendant Republic of Azerbaijan is a foreign sovereign whose State Security Service ("SSS") and Ministry of Internal Affairs supplied false or misleading information to INTERPOL and financed surveillance and intimidation activities against Plaintiff in Georgia.
Service may be effected pursuant to 28 U.S.C. § 1608 at: Ministry of Foreign Affairs, 4 Respublika Square, Baku AZ1000, Republic of Azerbaijan.

13. Defendant Government of Georgia is a foreign sovereign whose Ministry of Internal Affairs, Patrol Police, and State Security Service repeatedly detained, searched, and electronically scanned Plaintiff at the request and coordination of Denmark and Azerbaijan.
Service may be effected pursuant to 28 U.S.C. § 1608 at: Ministry of Justice, 24 Gorgasali Street, Tbilisi 0114, Georgia.

14. Defendants Does 1–3 are mid-level Georgian police commanders who ordered or supervised Plaintiff's stops and detentions on November 16, 2023; February 29, 2024; and May 18, 2024.

15. Defendants Does 4–6 are Danish PET and border officials who fabricated or caused the placement of an intelligence or security flag labeling Plaintiff a national-security risk.

16. Defendants Does 7–8 are Azerbaijani SSS officers who supplied forged, altered, or knowingly false materials to INTERPOL concerning Plaintiff.

17. Defendants Does 9–10 are private Ukrainian and Turkish contractors operating within Georgia who installed Pegasus-type spyware or equivalent malware on Plaintiff's electronic devices on or about December 10, 2023.

## IV. FACTUAL ALLEGATIONS

### A. Continuing Watch-Listing & INTERPOL Abuse

18. On June 22, 2023, Denmark transmitted an INTERPOL diffusion (No. 2023/46813) falsely characterizing Plaintiff as "wanted for fraud" at Azerbaijan's request, despite the absence of any criminal charge.

19. Azerbaijan, Denmark, and Georgia continue to refresh this diffusion approximately every sixty days, maintaining Plaintiff on international no-fly databases used by Lufthansa, KLM, and Delta.

20. Since August 2023, Plaintiff's electronic devices have exhibited unexplained firmware alterations, including irremovable APN profiles bearing Danish MCC 238 and baseband logs consistent with IMSI-catcher activity in Tbilisi, indicators inconsistent with benign consumer network activity.

21. On February 29, 2024, Lufthansa agents at Tbilisi International Airport denied Plaintiff boarding to Munich citing a "Copenhagen security directive," causing forfeiture of airfare and compelling Plaintiff's continued confinement in Georgia.

### B. Emotional & Physical Injury

22. Plaintiff suffers insomnia, tachycardia, and diagnosed post-traumatic stress disorder as a direct result of Defendants' conduct.

23. The above acts constitute a single, coordinated, and continuing course of conduct orchestrated through INTERPOL's diffusion system, Danish PET, Azerbaijani SSS, and Georgian authorities.

## V. CLAIMS FOR RELIEF

*(Each Count incorporates all preceding paragraphs.)*

### COUNT I — Arbitrary Detention (ATS & Federal Common Law)

24. Defendants jointly imposed prolonged, coercive restraints on Plaintiff's liberty without judicial process, amounting to de facto detention and refoulement in violation of customary international law, including ICCPR Article 9.

### COUNT II — Assault by Threat

25. By surrounding Plaintiff in confined airport areas, physically blocking exits, and announcing imminent forcible removal, Defendants intentionally created a reasonable apprehension of immediate harmful contact.

### COUNT III — Invasion of Privacy — Electronic Intrusion

26. Defendants committed highly offensive intrusions into Plaintiff's private digital life, including interception and extraction of attorney-client privileged communications, entitling Plaintiff to compensatory, punitive, and statutory damages under 18 U.S.C. §§ 2520 and 2707.

COUNT IV — Civil Conspiracy / Aiding & Abetting

27. Defendants entered into an express or tacit agreement to harass, restrain, and surveil Plaintiff, as evidenced by synchronized diffusion refreshes, coordinated detentions, and shared intelligence channels, rendering them jointly and severally liable.

COUNT V — Declaratory & Injunctive Relief

28. Plaintiff seeks declaratory and injunctive relief under 28 U.S.C. §§ 2201–2202 and Fed. R. Civ. P. 57.

VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Declare that Defendants' conduct violates applicable federal and international law;
B. Award compensatory damages against all Defendants;
C. Award punitive damages solely against individual Defendants sued in their personal capacities;
D. Enjoin Defendants from continued surveillance, harassment, or coercion;
E. Order disclosure of all watch-listing, diffusion, and intelligence actions affecting Plaintiff;
F. Award costs and such other relief as the Court deems just and proper.

VII. JURY DEMAND

29. Plaintiff demands a trial by jury on all issues so triable.

VIII. VERIFICATION

30. I, Simon Chikhladze, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted,


Simon Chikhladze
Plaintiff, Pro Se
38 Mitskevich Street
Tbilisi, Georgia
E-mail: AlphaUSC951@proton.me
Tel.: +995558276102
Date: January 14, 2026